Connecticut Local Form Chapter 13 Plan                                                                                  7/2024

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*: First Name: Gwendolyn | Middle Name: Evette | Last Name: Trotter Calhoun

Social Security Number: XXX - XX - 9137 (Enter only last 4 digits)

Debtor 2* (Spouse, if filing): First Name: ___ | Middle Name: ___ | Last Name: ___

Social Security Number: XXX - XX - ____ (Enter only last 4 digits)

Case number (If known): ___

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

**CHAPTER 13 PLAN**

☐ Original Plan

☒ 1st Amended Plan (Indicate 1st, 2nd, etc.)  ECF No. of prior plan: 2

☐ ___ Modified Plan (Indicate 1st, 2nd, etc.)  ECF No. of prior plan: ___

Amended Plan: Only complete this section if this is an amended plan before confirmation.
Sections of the Plan that have been amended (list):

| Plan Section(s) | Amendment(s) (Describe) |
|---|---|
| 2.1 | $ amount paid into plan. From $547.79 a month to $640.28 a month. |
| 3.1 | moved Navigent to 3.1 from 3.2. |
| 3.2 | Bridgeport claim amount & interest rate. |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
- ☒ secured
- ☒ priority
- ☒ unsecured, non-priority

☐ The amendment affects individual creditors. List each below.

| Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Modified Plan: Only complete this section if this is a modified plan after confirmation.
Sections of the Plan that have been modified (list):

| Plan Section(s) | Modification(s) (Describe) |
|---|---|
|  |  |
|  |  |
|  |  |

If your plan modification affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
- ☐ secured
- ☐ priority
- ☐ unsecured, non-priority

☐ The modification affects individual creditors. List each below.

| Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**I.** **NOTICES**

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ☒ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☒ Not Included |

To Creditors: Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid**. *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties: The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| Non-standard provisions, set out in Section VII. | ☐ Included | ☐ Not Included |
|---|---|---|

## II. PLAN PAYMENTS AND LENGTH OF PLAN

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II. Debtor(s) shall make the first Plan payment no later than thirty [30] days after the date the Petition was filed.

**2.1 Payments to Chapter 13 Standing Trustee.**

Is this a modified plan?  ☐ Yes  ☒ No

As of the date of filing this Modified Chapter 13 Plan, the Debtor has paid $ _____ to the Chapter 13 Standing Trustee over the previous _____ months.

The Debtor will make equal monthly payments to the Chapter 13 Standing Trustee as follows:

| $ | per month for | months. Total $ |
|---|---|---|
| 640.28 | 60 | 38,416.80 |
|  |  |  |
|  |  |  |

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

**2.2 Source of Payments to the Chapter 13 Standing Trustee.**

All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com.

*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.

Fill in employer information for payroll deduction:

Employer Name: 

Employer Address: 

Employee Identification No: 

(Note: Redact SSN so only last 4 digits appear)

☒ The Debtor will make payments directly to the Chapter 13 Standing Trustee electronically or at the following address (include case number on payment):

    Roberta Napolitano, Chapter 13 Standing Trustee
    PO Box 610
    Memphis, TN 38101-0610

**2.3 Income Tax Refunds.**

*Check one.*

☐ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.

☒ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.

☐ The Debtor will treat income tax refunds as follows:

**2.4 Additional Payments.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ The Debtor will make additional payment(s) to the Chapter 13 Standing Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

| Source: | Est. Amount $: | Date: |
|---|---|---|
| Source: | Est. Amount $: | Date: |
| Source: | Est. Amount $: | Date: |

**2.5 Estimated Total Payments.**

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ 38,416.80

**2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee**

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

Secured/Priority, General Unsecured

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III. TREATMENT OF SECURED CLAIMS

**3.1 Secured Claims That Will Not Be Modified.**

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

Check all that apply.

☐ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ There are secured claims where an arrearage will be paid ("cured") through this Chapter 13 Plan and current post-petition payments will be paid ("maintained") by the Debtor. Under a "cure and maintain" plan, the Chapter 13 Trustee will disburse funds paid into this Chapter 13 Plan to cure a pre-petition arrearage. Separately, the Debtor will make regular monthly payments directly to the creditor to maintain post-petition amounts due.

☐ There are secured claims that will be paid in full through this Chapter 13 Plan.

☒ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

1. Creditor: Navigant Credit Union

Last 4 Digits of Account No.: 2 1 1 7

Proof of Claim No.: 8

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $

Regular Payment (Maintain) made directly by Debtor: $         /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $

Interest Rate on Balance:

☒ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [493.00] /month.

[X] Real Property
    ☐ Principal Residence
    ☐ Other (describe)
    [_____]

Check below regarding real property taxes and insurance:
☐ Mortgage payments include escrow for:
    ☐ Real estate taxes
    ☐ Homeowners Insurance
☐ Debtor pays directly for:
    ☐ Real estate taxes
    ☐ Homeowners Insurance

Address of Collateral:
[_____]

[X] Personal Property/Vehicle
Description of Collateral (include first digit and last four digits of VIN# for any vehicle): [_]-[_][_][_][_]
[2017 BMW X1 85,000 miles]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

2. Creditor: [_____]

Last 4 Digits of Account No.: [_][_][_][_]

Proof of Claim No.: [_____]

☐ If the Plan proposes to cure and maintain a secured claim:
    Arrearage to be paid through the Plan (Cure): $ [_____]
    Regular Payment (Maintain) made directly by Debtor: $ [_____] /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:
    Entire balance on Petition Date to be paid through the Plan: $ [_____]
    Interest Rate on Balance: [____]

☐ If there are secured claims that are not going to be modified:
    Payment to be made directly to the Creditor by the Debtor $ [_____] /month.

☐ Real Property
    ☐ Principal Residence
    ☐ Other (describe)
    [_____]

Check below regarding real property taxes and insurance:
☐ Mortgage payments include escrow for:
    ☐ Real estate taxes
    ☐ Homeowners Insurance

Address of Collateral:
[_____]

☐ Debtor pays directly for:
    ☐ Real estate taxes
    ☐ Homeowners Insurance

☐ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐-☐☐☐☐

[    ]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

3. Creditor: [    ]

Last 4 Digits of Account No.: ☐☐☐☐

Proof of Claim No.: [    ]

☐ If the Plan proposes to cure and maintain a secured claim:

    Arrearage to be paid through the Plan (Cure): $ [    ]

    Regular Payment (Maintain) made directly by Debtor: $ [    ] /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

    Entire balance on Petition Date to be paid through the Plan: $ [    ]

    Interest Rate on Balance: [    ]

☐ If there are secured claims that are not going to be modified:

    Payment to be made directly to the Creditor by the Debtor $ [    ] /month.

☐ Real Property
    ☐ Principal Residence
    ☐ Other (describe)
    [    ]
    Address of Collateral:
    [    ]

Check below regarding real property taxes and insurance:
    ☐ Mortgage payments include escrow for:
        ☐ Real estate taxes
        ☐ Homeowners Insurance
    ☐ Debtor pays directly for:
        ☐ Real estate taxes
        ☐ Homeowners Insurance

☐ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐-☐☐☐☐

[    ]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2. Secured Claims Subject to Valuation Motion.**

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
☒ The Debtor intends to seek an order of the Bankruptcy Court valuing a claim pursuant to 11 U.S.C. § 506.

**Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation.**

Valuations under 11 U.S.C. § 506 may be sought to determine how a secured creditor's claim will be treated in a chapter 13 plan. This Chapter 13 Plan does not value claims. To value a claim pursuant 11 U.S.C. § 506, the Debtor must file and serve a separate motion pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). Any other form of relief sought by a debtor, including a determination of the extent, validity, and/or priority of a secured creditor's lien, must be determined in an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of any motion or adversary proceeding on valuation. The amount of the creditor's claim in excess of the valuation determined by the Court for the Collateral shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim.

The Debtor intends to file a motion requesting that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out below. For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim controls over any contrary amount listed below. For each listed claim, the value of the secured claim as determined by the Court will be paid in full with interest at the rate stated below, upon an order of the Court on the Debtor's Motion.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section V of this Chapter 13 Plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section V of this Chapter 13 Plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below will retain the lien on the Collateral of the Debtor or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

**1. Real Property:** ☐ NONE

| 1. Creditor: <br> Bridgeport Gateway Apartment <br><br> Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ <br><br> Real Property <br> ☒ Principal Residence <br> ☐ Other (describe) | Creditor's Total Claim Amount: <br> $18,467.16 <br><br> Value of Collateral: <br> $39,900.00 | **Proposed Secured Claim Amount** <br> Total Secured Claim to be treated in this Chapter 13 Plan: <br> $18,467.16 |
|---|---|---|

| | | |
|---|---|---|
| Address of Collateral:<br>85 Alanson Rd. Bridgeport, CT 06607<br>Fairfield County | Secured Portion of Creditor's Lien:<br>$18,467.16<br>Interest Rate: 10%<br>Is the Unsecured Portion of Creditor's Claim being treated in this Plan?<br>☐ Yes*  ☒ No<br>Unsecured Portion of Creditor's claim:<br><br>*Unsecured portion will be treated in Section IV or V, as appropriate. | If claim is for taxes, list principal amount of tax: |
| **2. Creditor:**<br>Exeter Finance LLC<br>Last 4 Digits of Account No.: 4 5 6 7<br>Real Property<br>☐ Principal Residence<br>☒ Other (describe)<br><br>Address of Collateral:<br>Unknown; vehicle totaled in accident | Creditor's Total Claim Amount:<br>$3,065.50<br>Value of Collateral:<br>$5,625.00<br>Secured Portion of Creditor's Lien:<br>$3,065.50<br>Interest Rate: 18.95%<br>Is the Unsecured Portion of Creditor's Claim being treated in this Plan?<br>☐ Yes*  ☒ No<br>Unsecured Portion of Creditor's claim:<br><br>*Unsecured portion will be treated in Section IV or V, as appropriate. | **Proposed Secured Claim Amount**<br>Total Secured Claim to be treated in this Chapter 13 Plan:<br>$3,065.50<br>If claim is for taxes, list principal amount of tax: |
| **3. Creditor:**<br><br>Last 4 Digits of Account No.: ☐ ☐ ☐ ☐<br>Real Property<br>☐ Principal Residence<br>☐ Other (describe) | Creditor's Total Claim Amount:<br><br>Value of Collateral:<br><br>Secured Portion of Creditor's Lien:<br><br>Interest Rate: | **Proposed Secured Claim Amount**<br>Total Secured Claim to be treated in this Chapter 13 Plan:<br><br>If claim is for taxes, list principal amount of tax: |

| Address of Collateral: | Is the Unsecured Portion of Creditor's Claim being treated in this Plan?  ☐ Yes*  ☐ No  Unsecured Portion of Creditor's claim:  *Unsecured portion will be treated in Section IV or V, as appropriate. | |

**2. Vehicles:**    ☒ NONE

| 1. Creditor:  Last 4 Digits of Account No.: ☐ ☐ ☐ ☐  Check one below:  ☐ Claim incurred 910 days or more pre-petition  ☐ Claim incurred less than 910 days pre-petition | Value of Collateral:  Value of Creditor's Lien:  Interest Rate:  Description of Collateral (include first digit and last four digits of VIN# for any vehicle):  ☐ - ☐☐☐☐  Is the Unsecured Portion of Creditor's Claim being treated in this Plan?  ☐ Yes*  ☐ No  Unsecured Portion of Creditor's claim:  *Unsecured portion will be treated in Section IV or V, as appropriate. | **Payment**  Total Secured Claim to be treated in this Chapter 13 Plan:  If claim is for taxes, list principal amount of tax: |
| 2. Creditor:  Last 4 Digits of Account No.: ☐ ☐ ☐ ☐  Check one below:  ☐ Claim incurred 910 days or more pre-petition  ☐ Claim incurred less than 910 days pre-petition | Value of Collateral:  Value of Creditor's Lien:  Interest Rate:  Description of Collateral (include first digit and last four digits of VIN# for any vehicle): | **Payment**  Total Secured Claim to be treated in this Chapter 13 Plan:  If claim is for taxes, list principal amount of tax: |

| | ☐ - ☐☐☐☐ | |
|---|---|---|
| | Is the Unsecured Portion of Creditor's Claim being treated in this Plan?  ☐Yes*  ☐No  Unsecured Portion of Creditor's claim:  *Unsecured portion will be treated in Section IV or V, as appropriate. | |
| 3. Creditor:  Last 4 Digits of Account No.: ☐☐☐☐  Check one below:  ☐ Claim incurred 910 days or more pre-petition  ☐ Claim incurred less than 910 days pre-petition | Value of Collateral:  Value of Creditor's Lien:  Interest Rate:  Description of Collateral (include first digit and last four digits of VIN# for any vehicle):  ☐ - ☐☐☐☐  Is the Unsecured Portion of Creditor's Claim being treated in this Plan?  ☐Yes*  ☐No  Unsecured Portion of Creditor's claim:  *Unsecured portion will be treated in Section IV or V, as appropriate. | **Payment**  Total Secured Claim to be treated in this Chapter 13 Plan:  If claim is for taxes, list principal amount of tax: |

**3. Personal Property:**   ☒ NONE

| 1. Creditor:  Last 4 Digits of Account No.: ☐☐☐☐  Check one below:  ☐ Claim incurred one (1) year or more pre-petition. | Value of Collateral:  Value of Creditor's Lien:  Interest Rate:  Description of Collateral: | **Payment**  Total Secured Claim to be treated in this Chapter 13 Plan:  If claim is for taxes, list principal amount of tax: |
|---|---|---|

| | | |
|---|---|---|
| ☐ Claim incurred less than one (1) year post-petition. | Is the Unsecured Portion of Creditor's Claim being treated in this Plan?<br>☐ Yes*   ☐ No<br><br>Unsecured Portion of Creditor's claim:<br><br>*Unsecured portion will be treated in Section IV or V, as appropriate. | |
| 2. Creditor:<br><br>Last 4 Digits of Account No.: ☐☐☐☐<br><br>Check one below:<br>☐ Claim incurred one (1) year or more pre-petition.<br>☐ Claim incurred less than one (1) year post-petition. | Value of Collateral:<br><br>Value of Creditor's Lien:<br><br>Interest Rate:<br>Description of Collateral:<br><br>Is the Unsecured Portion of Creditor's Claim being treated in this Plan?<br>☐ Yes*   ☐ No<br><br>Unsecured Portion of Creditor's claim:<br><br>*Unsecured portion will be treated in Section IV or V, as appropriate. | **Payment**<br>Total Secured Claim to be treated in this Chapter 13 Plan:<br><br>If claim is for taxes, list principal amount of tax: |
| 3. Creditor:<br><br>Last 4 Digits of Account No.: ☐☐☐☐<br><br>Check one below:<br>☐ Claim incurred one (1) year or more pre-petition.<br>☐ Claim incurred less than one (1) year post-petition. | Value of Collateral:<br><br>Value of Creditor's Lien:<br><br>Interest Rate:<br>Description of Collateral:<br><br>Is the Unsecured Portion of Creditor's Claim being treated in this Plan?<br>☐ Yes*   ☐ No | **Payment**<br>Total Secured Claim to be treated in this Chapter 13 Plan:<br><br>If claim is for taxes, list principal amount of tax: |

| | Unsecured Portion of Creditor's claim: [ ] | |
|---|---|---|
| | *Unsecured portion will be treated in Section IV or V, as appropriate. | |

### 3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).

☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ The Debtor is seeking to avoid the fixing of judicial liens pursuant to 11 U.S.C. § 522(f). Judicial liens or nonpossessory, nonpurchase money security interests securing the claims may be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522(f) as listed below. A separate motion must be filed and served pursuant to Fed.R.Bankr.P. 7004 and applicable local rules.

To avoid liens pursuant to 11 U.S.C. § 522(f), the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The details below are provided for informational purposes only, and are subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of the Debtor's motion to avoid lien. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section IV or V as applicable, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under this Chapter 13 Plan. *See*, 11 U.S.C. § 522(f) and Fed.R.Bankr.P. 4003(d). The Debtor discloses the intention to avoid liens held by the following creditors.

1. Creditor: 
Last 4 Digits of Account No.: 
Total Amount of Creditor's Claim: 

Collateral: 
Basis for exemption: 
Amount of exemption that could be claimed: 
Amount of Claim to be treated as unsecured claim: 

2. Creditor: 
Last 4 Digits of Account No.: 
Total Amount of Creditor's Claim: 

Collateral: 
Basis for exemption: 
Amount of exemption that could be claimed: 
Amount of Claim to be treated as unsecured claim:

| 3. Creditor: | Collateral: |
|---|---|
| Last 4 Digits of Account No.: ☐☐☐☐ | Basis for exemption: |
| Total Amount of Creditor's Claim: | Amount of exemption that could be claimed: |
| | Amount of Claim to be treated as unsecured claim: |

**3.4 Surrender of Collateral.**

☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
☐ The Debtor elects to surrender to each creditor listed below the Collateral identified.

The Debtor hereby requests that upon the entry of an order confirming this Chapter 13 Plan, the stay provided in 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the Collateral surrendered to each creditor listed below. See, Fed. R. Bankr. P. 3015.1(d)(4) and 3015(g)(2).

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | | ☐☐☐☐ | |
| 2. | | ☐☐☐☐ | |
| 3. | | ☐☐☐☐ | |

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1 Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, _____% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

**4.2 Trustee's Fees.**

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3 Administrative Attorney's Fees.**    ☐ PRO BONO

An attorney representing a Chapter 13 Debtor is required to file Form B2030, Disclosure of Compensation of Attorney for Debtor, pursuant to Fed.R.Bankr.P. 2016(b).

Is this a modified plan? ☐ Yes  ☒ No

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $4,500.00 | $0 | $1,500 | $3,000 |

Total Allowance Sought: $4,500 (Fees and Expenses)

Payable $3,000 [Check one] ☒ Through this Chapter 13 Plan
☐ Outside of this Chapter 13 Plan

Payable _____ [Check one] ☐ Through this Chapter 13 Plan
☐ Outside of this Chapter 13 Plan

Payable _____ [Check one] ☐ Through this Chapter 13 Plan
☐ Outside of this Chapter 13 Plan

If the total of the Debtor's attorney's fees prior to entry of a confirmation order is $6,000.00 or less, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 shall be excused unless otherwise ordered by the Court. Local Bankr. R. 2016-2(b). If the total of the Debtor's attorney's fees prior to entry of a confirmation order is more than $6,000.00, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 is required.

**4.4 Domestic Support Obligation(s).**

☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

The allowed priority claims listed below are based on domestic support obligations, including domestic support obligations that have been assigned to or are owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

☐ There are domestic support obligations.

If this Chapter 13 Plan proposes less than full payment of a domestic support obligation then payments in this section shall be for a term of 60 months. *See,* 11 U.S.C. § 1322(a)(4). If the Debtor has domestic support obligations, use only the initials of minor children and do not list confidential information.

1. Name of Creditor: _____
   Proof of Claim Number: _____
   ☐ Current and paid outside of this Chapter 13 Plan.
   ☐ Not Current, and to be paid under this Plan as follows:

2. Name of Creditor: _____
   Proof of Claim Number: _____
   ☐ Current and paid outside of this Chapter 13 Plan.
   ☐ Not Current, and to be paid under this Plan as follows:

3. Name of Creditor: [ ]

Proof of Claim Number: [ ]

☐ Current and paid outside of this Chapter 13 Plan.

☐ Not Current, and to be paid under this Plan as follows:

**4.5 Priority Claims.**

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

1. Name of Creditor: Internal Revenue Services

Proof of Claim Number: 2

Total Due: $370.63

Amount of Principal Due: [ ]

Amount of Interest Due: [ ]

Interest to be Paid Through Chapter 13 Plan?   ☐ Yes   ☒ No   Interest Rate: [ ]

2. Name of Creditor: [ ]

Proof of Claim Number: [ ]

Total Due: [ ]

Amount of Principal Due: [ ]

Amount of Interest Due: [ ]

Interest to be Paid Through Chapter 13 Plan?   ☐ Yes   ☐ No   Interest Rate: [ ]

3. Name of Creditor: [ ]

Proof of Claim Number: [ ]

Total Due: [ ]

Amount of Principal Due: [ ]

Amount of Interest Due: [ ]

Interest to be Paid Through Chapter 13 Plan?   ☐ Yes   ☐ No   Interest Rate: [ ]

**V.        TREATMENT OF UNSECURED NON-PRIORITY CREDITORS**

**5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.**

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ **Percentage Plan.** Through this Chapter 13 Plan the Debtor proposes to pay a dividend of [          ] over a period of [     ] months to allowed unsecured, non-priority creditors holding claims totaling [     ].

☒ **Fixed Contribution Plan.** Through this Chapter 13 Plan the Debtor proposes to pay a total of [ $2,741.14 ] over a period of [ 60 ] months to allowed unsecured, non-priority claims on a pro rata basis. The distribution to creditors holding unsecured, non-priority claims under a fixed contribution plan shall not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 pursuant to Bankruptcy Code § 1325(a)(4).

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is the Federal Judgment Interest rate as defined by 28 U.S.C. § 1961, on the date the Order Confirming Chapter 13 Plan is entered on the docket.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

☐ The Debtor is seeking to assume or reject executory contracts or unexpired leases in this Plan pursuant to 11 U.S.C. § 365. The details of the executory contract and/or unexpired lease the Debtor is seeking to assume and/or reject is set forth below.

☐ **Assumed Contracts or Leases.** The Debtor shall make current installment payments or lease payments as specified below, subject to any contrary Court order or rule. Arrearage payments will be disbursed by the Chapter 13 Standing Trustee pursuant to the confirmation order.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment | Amount of Arrearage to be Paid | Treatment of Arrearage (Refer to Other Plan Section if Applicable) |
|---|---|---|---|---|
|  |  | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. |  |
| Proof of Claim Number: |  |  |  |  |
|  |  | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. |  |
| Proof of Claim Number: |  |  |  |  |
|  |  | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. |  |
| Proof of Claim Number: |  |  |  |  |

☐ **Rejected Contracts or Leases**

| Name of Creditor | Description of Leased Property or Executory Contract | Estimated Claim to Be Treated in Section V |
|---|---|---|
| | | |
| | | |
| | | |

**Notice of Proof of Claim Bar Date:**
The counter-party to a rejected contract or rejected lease shall file a proof of claim within thirty (30) days after entry of an order confirming this Chapter 13 Plan.

| VII | NON-STANDARD PLAN PROVISIONS |
|---|---|

☒ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR ORDER CONFIRMING THE PLAN, PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN PURSUANT TO 11 U.S.C. § 1327(b).**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

/s/ Gwendolyn Trotter Calhoun

Debtor (Signature)                              Joint Debtor (Signature)

| Gwendolyn Trotter Calhoun | 12/6/24 | | |
|---|---|---|---|

Debtor (Type Name)    Date    Joint Debtor (Type Name)    Date

/s/ Jesse Clark
Jesse Clark-CT27448    12/6/24

Attorney with permission to    Date
sign on Debtor's behalf

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.